[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10641
Non-Argument Calendar

_____

D. C. Docket No. 05-00158-CV-CAP-1

CATHLEEN GARY,

Plaintiff-Appellant,

versus

DEKALB COUNTY GOVERNMENT,
et al.,

Defendants,

VERNON JONES,
THOMAS BROWN,
GRAHAM,
MOSES ECTOR,
MARLO WOOD-SHUFFETT,
et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia
_____
(November 9, 2009)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Cathleen Gary appeals pro se the judgment against her complaint that DeKalb County officials Vernon Jones, Thomas Brown, Eddie Moody, Louis Graham, Moses Ector, and Marlo Wood-Shuffett violated Gary's civil rights. 42 U.S.C. § 1983. Gary argues that the district court erred in its judgment, abused its discretion in the issuance and enforcement of subpoenas, and erred in its evidentiary rulings. We affirm.

Gary filed a complaint against the officials and alleged that they implanted devices in her body and her car that violated her right to privacy under the First Amendment and constituted an illegal search and seizure under the Fourth Amendment. Gary filed a pretrial order that identified 24 potential witnesses, but she provided an address for only four of those witnesses: Charles Williams, Dr. Joyce Gann, Dr. Harold Moore, and Elizabeth Talbott.

Gary moved to subpoena witnesses, but the district court denied the motion as premature and "not[ed] that in obtaining subpoenas, [Gary] [would] be limited

to only those witnesses identified in her pretrial order and individuals for whom [she] provide[d] a physical address." After the case was set for trial, Gary moved to subpoena 22 witnesses. The district court granted Gary's motion in part by issuing subpoenas to Williams, Gann, Moore, and Talbott, and denied her request to subpoena the remaining witnesses.

During the bench trial, Gary presented testimony from her employer, Charles Williams, that Gary had discovered in her medical records that someone had implanted a microchip in her abdomen during a tonsillectomy. Williams testified that Gary had complained that, during a surgery to remove her ovary, she had been taken to a room where someone had "worked on her lower extremities." Williams also testified that Gary had complained of pain and burning that intensified when people used their cellular telephones. Williams had observed Gary walk past and activate the fire alarm in her home when other people had not activated the alarm. Williams testified that Gary had registered a strong magnetic field when she had been scanned with a magnetometer. When counsel asked Williams whether he believed that Gary suffered from mental problems, Williams responded negatively.

Gary told the district court that two other witnesses had refused to testify on her behalf. Gary described the pain she had experienced and the medical treatment

3

she had received.  Gary stated that she had undergone various tests to determine the source of her pain, but the results had been inconclusive and doctors had suggested that the pain was caused by a cyst.  When Gary offered to prove that she had unusual "vibrations" in her abdomen using a fetal monitor, the district court "[took] [Gary's] word that her vibrations would be different" than those emitted by another person.

The district court entered judgment in favor of the officials.  The court ruled that Gary had failed to "prove[] facts sufficient" to "return a verdict in [her] favor against any of" the officials.  The court explained that Gary failed to "show[] any causal connection between whatever injuries [she] suffer[ed] and whatever the [officials] [might] have done."

Gary complains of four errors by the district court.  First, Gary argues that she was denied "a fair opportunity to present her claim or defense since judgment was rendered on the merits."  Second, Gary argues that the district court should have subpoenaed additional witnesses and compelled her expert witnesses to appear.  Third, Gary argues that she should have been permitted to demonstrate the existence of an implant in her abdomen using a fetal monitor.  Fourth, Gary argues that the district court should have ordered her sua sponte to undergo a physical examination.

We apply two standards of review to Gary's arguments. "On appeal of a district court order from a bench trial, we review the court's conclusions of law <u>de novo</u> and its findings of fact for clear error." HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 873 (11th Cir. 2005). We review decisions regarding requests for and the enforcement of subpoenas for abuse of discretion. <u>United States v. Lee</u>, 68 F.3d 1267, 1272 (11th Cir. 1995).

The district court did not err when it entered judgment in favor of the officials. Gary failed to introduce any evidence to connect her injuries to actions by the officials. In these circumstances, "there [could] be but one reasonable conclusion as to the verdict." <u>Adams v. Bainbridge-Decatur County Hosp. Auth.</u>, 888 F.2d 1356, 1363 (11th Cir. 1989).

The district court did not abuse its discretion by denying Gary's requests to subpoena additional witnesses or to compel expert witnesses to appear for Gary. The district court was not required to approve subpoenas when Gary failed to comply with a local rule of procedure that she submit addresses for her witnesses. <u>See</u> N.D. Ga. Local Rule 16.4(B)(18)(a). The district court likewise was not required to compel doctors Gann and Moore to appear when Gary never sought to enforce the subpoenas and Gary acknowledged that the doctors could not identify the cause of her suffering.

5

The district court also did not err in refusing to allow Gary to use the fetal monitor or in failing to order Gary to undergo a physical examination. There was no need for a demonstration because the court found that Gary had suffered an injury and sound waves could not explain who had inflicted that injury. See Fed. R. Evid. 401, 402. Because an order to submit physical examination "may be made only on motion" by a party, Fed. R. Civ. P. 35(a)(2)(A), the court could not sua sponte order Gary to undergo such a procedure.

The judgment in favor of the officials is **AFFIRMED**.